**Order entered October 9, 2020**



In the
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00858-CR

### JOSHUA RYAN FLANAGIN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 354th Judicial District Court
### Hunt County, Texas
### Trial Court Cause No. 32550CR

## ORDER

We **REINSTATE** this appeal and **ORDER** counsel to **SHOW CAUSE** in writing why the Court should not impose sanctions, as described below.

Appellant's brief was initially due on May 1, 2020. On counsel's motions, we granted three extensions of time, having considered the Texas Supreme Court's ongoing direction to liberally allow extensions of time due to the COVID-19 pandemic, and the brief was finally due on July 15, 2020. On August 7, 2020, the

1

brief still not filed, the Court abated the appeal for a hearing to determine why the brief had not been filed. The trial court held that hearing on August 20, 2020.

Appellate counsel pledged to file the brief by September 1, 2020.[1] Counsel described a busy schedule that "will open up significantly after tomorrow"—August 21—but also described certain obligations remaining on counsel's calendar after that time. Counsel admitted putting "the appeal off in order to handle the day-to-day business that I have for my clients." This statement ignores that Mr. Flanagin's appeal is no less pressing business than the business other clients may have.

We admonish counsel that the professional rules require diligent representation, that lawyers "shall not: (1) neglect a legal matter entrusted" to them, and that "neglect signifies inattentiveness involving a conscious disregard for the responsibilities owed to a client." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01(b)(1), (c). "Having accepted employment, a lawyer should act with competence, commitment[,] and dedication to the interest of the client and with zeal in advocacy upon the client's behalf. A lawyer should feel a moral or professional obligation to pursue a matter on behalf of a client with reasonable diligence and promptness despite . . . personal inconvenience to the lawyer." *Id.*

---

[1] For reasons that are unclear, counsel twice apologized to the District Attorney's office during the hearing for having not filed the brief. Counsel also stated that the office was "very gracious in allowing me the requested continuances so far." The Court, not the District Attorney's office, grants and denies extensions of time to file briefs.

2

cmt. 6. "A lawyer's workload should be controlled so that each matter can be handled with diligence and competence." *Id.* "Perhaps no professional shortcoming is more widely resented than procrastination." *Id.* cmt 7. But, a "lawyer who acts in good faith is not subject to discipline, under those provisions for an isolated inadvertent or unskilled act or omission, tactical error, or error of judgment." *Id.*

We have no indication that counsel's work on Mr. Flanagin's case is tainted by anything less than good faith, or that this is anything but an isolated incident and so do not at this time consider referral to disciplinary authorities appropriate. *See id.* And though counsel does not appear to have worked as diligently as one might, we also have no reason to doubt the competence or quality of counsel's work.

That said, the trial court found that appellant desired to prosecute this appeal, appellant had not abandoned the appeal, appointed counsel had not abandoned the appeal, and counsel intended to finish and file the brief by the end of Labor Day weekend. Supplemental clerk's and reporter's records from the hearing were filed in late August. On September 15, 2020, counsel filed a letter with the Court apologizing for the delay and indicating an intent to file a brief and a motion to extend time "no later than 9/21/20." To date, more than two weeks later, we have had no further communication from appellate counsel, including no brief.

We **ORDER** appellate counsel Cynthia Braddy to **SHOW CAUSE** in writing **WITHIN TEN DAYS OF THE DATE OF THIS ORDER** why this Court should not impose further sanctions, not limited to removing Ms. Braddy as appointed counsel, initiating contempt proceedings against Ms. Braddy for the failure and refusal to obey the Court's order, and filing a grievance against Ms. Braddy and referring this matter to the State Bar of Texas Commission for Lawyer Discipline for further proceedings. The **ORDER TO SHOW CAUSE SHALL BE DISCHARGED** if counsel files a rules-compliant brief on Mr. Flanagin's behalf, along with a rules-compliant motion to extend time to file the brief, **WITHIN TEN DAYS OF THE DATE OF THIS ORDER**.

We **DIRECT** the Clerk to send copies of this order to the Honorable Keli Aiken, Presiding Judge, 354th Judicial District Court; Cynthia L. Braddy, and the Hunt County District Attorney's Office.

/s/    CORY L. CARLYLE
JUSTICE

4